**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EUGENE STUBBLEFIELD | ) |
| | ) |
| | ) No.: 4:14-CV-0228 (NCC) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 56(D) MOTION TO STAY BRIEFING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO ALLOW ADDITIONAL TIME TO COMPLETE DISCOVERY**

As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999). This principle is codified in Federal Rule of Civil Procedure 56(d), which provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the movant's summary judgment motion], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations **or to take discovery**; or (3) issue any other appropriate order." (emphasis added).

"Nonmovants may request a continuance under Rule 56(d) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." Iverson, 172 F.3d at 530. In addition, "[w]hen relevant information is entirely within one party's control, discovery requests must be enforced to ensure that the other party has access to adequate information to respond to a motion for summary judgment." Id. at 531.

On or about May 1, 2015, Plaintiff filed a Motion to Amend the Case Management Order in this case, wherein Plaintiff requested an additional thirty (30) days to conduct discovery, up to and including May 31, 2015.  By Order dated June 1, 2015, this Court granted Plaintiff's Motion to Amend the Case Management Order.  Importantly, the May 31, 2015 discovery cutoff date requested by Plaintiff had already passed by June 1st, leaving Plaintiff with no authority to conduct additional discovery.

On or about May 29, 2015, three days before this Court's Order granting Plaintiff's Motion to Amend the Case Management Order, Defendant filed a Motion for Summary Judgment on Plaintiff's First Amended Complaint.  In accordance with the Case Management Order entered on September 16, 2014, Plaintiff's response to Defendant's Motion for Summary Judgment is due on or before June 29, 2015.

Defendant's Motion for Summary Judgment argues in part that Plaintiff cannot make a prima facie case of race discrimination based upon the uncontroverted facts as asserted by Defendant.  However, as of the date of this filing, Defendant has not provided Plaintiff with complete responses to Plaintiff's initial written discovery requests, many of which seek documents and information which are critical to Plaintiff's race discrimination claim against Defendant.  Consequently, in order to respond to Defendant's Motion for Summary Judgment, Plaintiff needs additional time to complete discovery.

Importantly, on or about December 29, 2014, Plaintiff served Defendant with his initial Interrogatories and Request for Production of Documents.  In responding to Plaintiff's discovery requests, Defendant objected to a large majority of the requests and failed to provide responses thereto.  By letter dated March 18, 2015, Plaintiff made a good faith effort to resolve the disputed discovery requests, but counsel for Defendant never responded to that letter.

The documents and information which Plaintiff initially requested and is still seeking include those which are essential to respond to Defendant's summary judgment motion and statement of uncontroverted material facts.  For instance, Plaintiff has requested, but is still seeking:

> a. A complete list of individuals who participated, in any way whatsoever, in the decision to terminate Plaintiff's employment (Interrogatory No. 2);
>
> b. A complete list of Defendant's employees from 2007 to the present for which Defendant terminated the employee's employment for any of the same reasons for which Defendant contends it terminated Plaintiff's employment (Interrogatories No. 4 and 63);
>
> c. Plaintiff's complete personnel file and other documents regarding Plaintiff pertaining to his employment, including performance evaluations, commendations, awards or bonuses (Requests No. 21, 34-35, 49, and 61);
>
> d. Personnel files of a number of Caucasian employees Plaintiff contends were "comparable" to Plaintiff when he was employed by Defendant (Requests No. 22-30);
>
> e. Defendant's investigation file and/or documents concerning Plaintiff's alleged misconduct (Request No. 62);
>
> f. Defendant's internal documents concerning Plaintiff's pre-termination hearing (Request No. 60);
>
> g. Certain e-mails, documents, and electronic data concerning or related to Plaintiff's allegations of misconduct, termination, forced leave, and discipline (Requests No. 12-16);
>
> h. Communications between Defendant and Plaintiff regarding the allegations set forth in Plaintiff's First Amended Complaint and/or Defendant's defenses thereto (Request No. 2);
>
> i. Internal communications between and among Defendant's agents, employees and representatives regarding the allegations set forth in Plaintiff's First Amended Complaint and/or Defendant's defenses thereto (Request No. 3); and
>
> j. Communications between Defendant and any independent third party regarding the allegations set forth in Plaintiff's First Amended Complaint and/or Defendant's defenses thereto (Request No. 4);

In accordance with Federal Rule of Civil Procedure 56(d), the Affidavit of James G. Nowogrocki is attached to Plaintiff's Motion as Exhibit C.  Mr. Nowogrocki's Affidavit asserts (1) specific facts Plaintiff hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist Defendant's summary judgment motion.  See Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014).

As Mr. Nowogrocki's Affidavit makes clear, Plaintiff cannot properly respond to Defendant's summary judgment motion without the above-identified documents and information.  To be sure, the above-identified documents and information will allow Plaintiff to conclusively establish the facts asserted in Paragraph 8 of Mr. Nowogrocki's Affidavit, which Plaintiff knows to be in Defendant's possession, and which are essential to resisting Defendant's claim that Plaintiff cannot make a prima facie case of race discrimination based upon the uncontroverted facts.

Plaintiff would also like to take the depositions of one or two of Plaintiff's decision-makers prior to responding to Defendant's summary judgment motion.  As such, Plaintiff needs additional time to complete discovery and to give this Court time to resolve the parties' ongoing discovery disputes prior to responding to Defendant's Motion for Summary Judgment.

If additional discovery is allowed by this Court pursuant to Rule 56(d), the facts identified in Mr. Nowogrocki's Affidavit will no doubt allow Plaintiff to rebut Defendant's claim of the absence of a genuine issue of material facts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order staying all further briefing on Defendant's Motion for Summary Judgment pending further discovery as set forth herein, and granting Plaintiff an extension of time to complete discovery, up to and including July 17, 2015.  Plaintiff further requests all other and further relief as this Court deems

just and proper under the circumstances.

                                Respectfully submitted,

                                **WEISS ATTORNEYS AT LAW, P.C.**

By:    */s/* James G. Nowogrocki
     James G. Nowogrocki, #38559
     1015 Locust, Suite 400
     St. Louis, Missouri 63101
     (314) 588-9500 - Telephone
     (314) 588-9595 – Facsimile
     jnowogrocki@weisslawstl.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was served via e-mail this 17th day of June 2015, via the court's electronic filing system, to:

Nancy E. Emmel
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
emmeln@stlouis-mo.gov

*Attorney for Defendant*

                                  */s/* James G. Nowogrocki
                                *Attorney for Plaintiff*

E:\CLIENTS\Stubblefield.7-2523.02\Motion for Extension to Respond to MSJ.docx